**LEWIS BRISBOIS BISGAARD & SMITH LLP**
MATTHEW D. TAGGART, SBN 227482
  E-Mail: Matt.Taggart@lewisbrisbois.com
ANASTASIYA MENSHIKOVA, SBN 312392
  E-Mail: Anastasiya.Menshikova@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants BluPeak Credit Union and Robert Aguilera

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAN PHAN PHD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY & STATE EMPLOYEES CREDIT UNION, a nonprofit corporation; ROBERT AGUILERA, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. '23CV0075 W    BGS<br><br>**DEFENDANTS BLUPEAK CREDIT UNION AND ROBERT AGUILERA'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1441, 1446, 1331, 1367]**<br><br>**DEMAND FOR JURY TRIAL** |

4892-7860-8457.3

DEFENDANTS' NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants BLUPEAK CREDIT UNION (erroneously sued as University & State Employees Credit Union), a nonprofit corporation, and ROBERT AGUILERA (collectively, "Defendants") hereby file this Notice of Removal pursuant to 28 U.S.C. §§1441 and 1446 to effectuate the removal of the above-captioned action, which was originally commenced in the Superior Court of the State of California in and for the County of San Diego.  Pursuant to 28 U.S.C. §§ 1331 and 1367 and for the following reasons, the Court has original jurisdiction over the action based on federal question jurisdiction and supplemental jurisdiction.

## BACKGROUND

1.  On or about December 1, 2022, Plaintiff TAN PHAN PHD ("Plaintiff") filed a Complaint (the "Complaint") against Defendants in the Superior Court of the State of California, County of San Diego, Case No. 37-2022-00048310-CU-CR-CTL.

2.  The Complaint alleges:  (1) Violations of the American Disabilities Act of 1990, as amended ("ADA"), Title III; (2) Violation of the Unruh Civil Rights Act, California Civil Code § 51; (3) Breach of Contract; (4) Breach of Implied Covenant of Good Faith and Fair Dealing; (5) Vicarious Liability, Negligent Hiring and Supervision; (6) Failure to Prevent Discrimination in Violation of California; (7) Intentional Infliction of Emotional Distress; (8) Conversion; and (9) Retaliation. Copies of all of the pleadings and papers filed in the Superior Court of California for San Diego County of which Defendants are aware are attached hereto as **Exhibit A-B** to the concurrently filed Declaration of Matthew D. Taggart.

4892-7860-8457.3

1

DEFENDANTS' NOTICE OF REMOVAL

3. The Complaint seeks the following relief: (a) general and compensatory damages, (b) special damages, (c) punitive damages, (d) attorney's fees and costs; and (e) prejudgment interest.

## PROCEDURAL REQUIREMENTS

4. Defendants have thirty days from the date of service of the Complaint in which to remove a case. 28 U.S.C. § 1446(b). Defendants were served with a copy of the Complaint on December 14, 2022. (Declaration of Matthew D. Taggart ¶ 3.) This Notice of Removal is therefore timely.

5. Venue lies in the Southern District of California pursuant to 28 U.S.C. §§ 1441(a), 1391(a), and 84(c) because the state court action was filed in this District, as well as because the acts and omissions giving rise to this case occurred here.

6. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of San Diego.

7. There are no other defendants that have been named or served in this action. Thus, there are no other defendants to join in this Notice of Removal.

## GROUNDS FOR REMOVAL

**The Court Has Federal Question Jurisdiction Over ADA, Title III Claims**

8. The Court has original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

9. Plaintiff asserts a claim for violations of ADA, Title III, alleging that Defendants denied Plaintiff enjoyment of a public facility, service, and accommodations in contravention of Plaintiff's rights. (Complaint ("Compl.") ¶¶ 27-31.)

10. As indicated by Plaintiff's reference to 42 U.S.C. §12182(a) in its Complaint (Compl. ¶ 26), inter alia, Plaintiff's ADA claim arises out of the public accommodation section of the ADA, denominated as Title III.

11. Because Plaintiff's ADA claim arises under federal law, the Court has original federal question jurisdiction over this claim. 28 U.S.C. § 1331.

**The Court Has Supplemental Jurisdiction Over Plaintiff's Non-Federal Claims**

12. Supplemental jurisdiction exists as to all other claims pleaded in the Complaint. 28 U.S.C. § 1367.

13. The Court may exercise supplemental jurisdiction "over all other claims that are so related to claims within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

14. State and federal law claims form a part of the same "case and controversy [when] they are based on the same nucleus of operative facts." *Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1170 (9th Cir. 2001). That standard is satisfied here.

15. Plaintiff alleges that during a visit to one of BluPeak Credit Union's ("BluPeak") branches, Plaintiff experienced an undesirable interaction with BluPeak employee Robert Aguilera ("Aguilera") when she requested a paper copy of her credit card statement because her disability prohibited her from viewing an electronic version. (Compl. ¶¶ 16-19.) Plaintiff alleges that as a result of this incident, her checking account was closed and her vehicle was repossessed by BluPeak. (*Id.* ¶ 20.) Plaintiff also alleges since the account closure, she has been unable to obtain her pension benefits. (*Id.* ¶¶ 21-22.)

16. Based on this common set of facts, Plaintiff alleges not only violations of Title III of the ADA, but also California's Unruh Civil Rights Act, breach of contract, breach of the implied covenant of good faith and fair dealing, vicarious liability and negligent hiring and supervision, failure to prevent discrimination, intentional infliction of emotional distress, conversion, and retaliation (*Id.* ¶¶ 24-90.)

17. Each non-federal cause of action either specifically references Defendants' alleged ADA violation or alludes to same operative facts. (*Id.* ¶¶ 39, 45, 53, 60, 63, 71, 78, 80.)

18. Because all of Plaintiff's state law claims are based on the same factual allegations supporting her federal ADA claim, it is appropriate and "expected [that all of Plaintiff's claims] be resolved in one judicial proceeding." *Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1195 (9th Cir. 2005).

19. The Court therefore has supplemental jurisdiction over all state law claims in this action.

## STATE COURT RECORDS

20. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" on file in the state court action, described below, are attached to the Declaration of Matthew D. Taggart, filed concurrently herewith:

| EXHIBIT | DOCUMENT TITLE |
|---|---|
| A. | Complaint, Summons and Civil Case Cover Sheet |
| B. | Notice of Case Assignment and Case Management Conference |

WHEREFORE, Defendants respectfully request that the above-captioned action pending before the Superior Court of the State of California for the County of San Diego be removed to the United States District Court for the Southern District of California.

1  DATED: January 13, 2023        LEWIS BRISBOIS BISGAARD & SMITH LLP

4                          By:    */s/ Anastasiya Menshikova*
                                  Matthew D. Taggart
                                  Anastasiya Menshikova
                                  Attorneys for Defendants BLUPEAK
                                  CREDIT UNION and ROBERT
                                  AGUILERA

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a jury trial on all issues properly triable to a jury.

DATED: January 13, 2023             LEWIS BRISBOIS BISGAARD & SMITH LLP

By:   /s/ Anastasiya Menshikova
Matthew D. Taggart
Anastasiya Menshikova
Attorneys for Defendants BLUPEAK CREDIT UNION and ROBERT AGUILERA