UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAN PHAN, PhD,<br><br>                    Plaintiff,<br><br>v.<br><br>UNIVERSITY & STATE EMPLOYEES CREDIT UNION, a nonprofit corporation; ROBERT AGUILERA, an individual; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.: 23-CV-75-W-BGS<br><br>**ORDER GRANTING MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND** |

Pending before the Court is Defendants' motion to dismiss Plaintiff Tan Phan, Ph.D.'s Complaint, which Defendants removed to this Court (Doc. 2).  Plaintiff failed to respond in opposition.  For the following reasons, the Court dismisses without prejudice Plaintiff's Complaint and grants Plaintiff leave to amend.

The Court's Civil Local Rules provide that a party's failure to oppose a motion as required by Local Rule 7.1.e.2 "may constitute a consent to the granting of a motion or other request for ruling by the Court."  CivLR 7.1.f.3.c.  A district court may properly grant a motion to dismiss for failure to respond in accordance with local rules.  See generally Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond).  A district court must consider five factors before dismissing for failure

to comply with local rules, "(1) the public's interest in expeditions resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." Id.

After this case's removal to this Court, Defendants filed their motion to dismiss. Subsequently, the Court granted the motion of Plaintiff's counsel to withdraw from representation of Plaintiff. (Doc. 9.) In that April 3, 2023, Order, the Court set a continued briefing schedule on the motion to dismiss and ordered Plaintiff to file notice of her mailing address for service of process. (Id. at 3–4.) Plaintiff failed to timely file notice of her mailing address for service of process, and she has still not complied with that Order. Plaintiff's opposition to the motion to dismiss was due on or before May 22, 2023. (See id. at 4.) Plaintiff did not file an opposition and has not requested additional time to do so. Also, the Court ordered that Plaintiff's former counsel of record in this case, Mr. Christopher Monelt, serve a copy of the Order on Plaintiff and file proof of service. (Id. at 3, ll. 23–27.) The docket shows that Plaintiff's former counsel filed proof of such service. (Docs. 10, 11.) There, counsel demonstrated that he served Plaintiff by e-mail and U.S. mail on April 5, 2023, and that he provided her instructions to comply with the Court's order to file any opposition to the motion to dismiss before May 22, 2023, and to file her mailing address of record before April 17, 2023, or risk dismissal of her case. (Doc. 11-1.) There is no evidence to suggest that Plaintiff did not know of her deadlines to respond in opposition or to file her mailing address of record. There is also no evidence that Plaintiff sought additional time to file. Plaintiff failed to comply with a Court order that she provide her mailing address of record and failed to oppose the motion to dismiss. On this record, the Court finds that the motion to dismiss is unopposed and that the five factors support dismissal without prejudice. The Court therefore grants the motion.

However, because Plaintiff proceeds pro se, the Court concludes that leave to amend the complaint should be granted. See Rosati v. Igbinosa, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend

unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212 (9th Cir. 2012).  Plaintiff may amend her complaint on or before August 1, 2023.  Plaintiff is also granted a continuance to file notice of her address of record for service of process until August 1, 2023.

For the foregoing reasons, Defendants' motion to dismiss (Doc. 2) is **GRANTED**.  Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff is **GRANTED LEAVE TO AMEND** the Complaint on or before **August 1, 2023**.  If Plaintiff fails to file an amended complaint, the Court may dismiss this case for failure to prosecute or for repeated failure to comply with Court order.  The Court further **ORDERS** Plaintiff to file her mailing address of record for service of process on or before **August 1, 2023**.  Finally, the Court instructs the Clerk to serve this Order on Mr. Christopher Monelt, despite that he is no longer counsel of record, and to serve this Order on Plaintiff by U.S. mail to the last apparent mailing address of Plaintiff.  (Doc. 8 at 3, 7.)

**IT IS SO ORDERED.**

Dated:  June 14, 2023

_____
Hon. Thomas J. Whelan
United States District Judge